IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN SIMPSON, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 2:17-cv-457-MHT |
| v. ) | |
| ) | JURY TRIAL REQUESTED |
| SOUTHERN PIPE & SUPPLY ) | |
| COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Steven Simpson, by and through her undersigned counsel of record, and hereby doth complain against the above-named Defendant, as set forth herein-below.

### I. JURISDICTION & VENUE

1. Plaintiff Steven Simpson files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e) et seq.), as amended by the 1991 Civil Rights Act, 42 U.S.C. § 1981(a); and 42 U.S.C. § 1201, et seq., to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff.

2. Plaintiff Simpson filed a charge of race discrimination with the Equal Employment Opportunity Commission ("EEOC") in Birmingham, Alabama on January 13, 2016. Plaintiff received a right-to-sue on April 17, 2017, giving Plaintiff the right to pursue this claim in federal court for 90 days after said receipt. (Exhibit A).

3. Venue is proper in the Middle Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Montgomery County, Alabama.

## II. PARTIES

4. The named Plaintiff, Steven Simpson (hereinafter "Plaintiff" or "Plaintiff Simpson"), is a citizen of the United States and a resident of Montgomery, Alabama. Plaintiff is over the age of nineteen years.

5. The Defendant, Southern Pipe & Supply Company, Inc. (hereinafter "Defendant" or "Southern Pipe & Supply"), is a business located in Montgomery, Alabama. At all times relevant to this complaint, Plaintiff was employed, and continues to be employed, by Defendant.

## III. STATEMENT OF FACTS

6. Plaintiff Simpson is an African-American male who was employed as a driver for Southern Pipe & Supply for over eighteen years until he was wrongfully terminated on or about October 24, 2015.

7. At the time of Plaintiff Simpson's termination, he was the only African-American driver in his department. The other two drivers in the department were Caucasian.

8. Plaintiff avers that during his employment at Southern Pipe & Supply, he performed his work well and was a good employee. However, Plaintiff Simpson avers that he was consistently given longer distances to travel and deliver products than two white employees. Further, Plaintiff Simpson was consistently given the orders for heavier equipment when the two white drivers were not.

9. Plaintiff Simpson avers that the disparate treatment related to longer distances and heavier equipment continued all the way up until his termination.

10. Plaintiff Simpson avers that his supervisor, Heath Herring, a Caucasian male, consistently called him names and made racist comments on a daily basis. Mr. Herron often used the word "nigger" and told Plaintiff Simpson that "the black race doesn't know anything." Plaintiff Simpson avers that these remarks deeply offended him.

11. Plaintiff Simpson avers that Southern Pipe & Supply was aware of and/or condoned Mr. Herring's racist behavior because Mr. Herring informed Southern Pipe & Supply employees that he was terminated from his previous job for making racist remarks.

12. On or about July 2015, Southern Pipe & Supply established a random drug screening test and created a "second-chance policy" which allows workers, who test positive for drugs, to participate in a drug rehabilitation program instead of being automatically terminated from their job.

13. On or about mid-October 2015, Plaintiff Simpson was selected for a drug screening test.

14. Plaintiff Simpson's test results came back positive and he was immediately terminated on or about October 24, 2015. Plaintiff Simpson avers that he was not given the opportunity to review his test results, was not allowed to participate in Southern Pipe & Supply's "second-chance policy" to seek rehab, and that any reflection of a positive result on a drug test would only have reflected a narcotic used for medical purposes only in dealing with chronic pain in his right hip.

15.     Plaintiff Simpson avers that Southern Pipe & Supply's refusal to allow him to participate in the "second-chance policy" rehab, his receiving longer delivery routes and larger loads in his job assignments that the Caucasian drivers, and being subjected to racist language and a racially hostile work environment reflected a willful exercise of race discrimination against Plaintiff Simpson because of his African-American race.

16.     Plaintiff Simpson avers that any other reason given from his termination, other than his race, is pretextual and that his termination is in violation of Title VII of the Civil Rights Act, 42 U.S.C. 2000(e), et seq.

17.     As a result of the unlawful discrimination practiced against Plaintiff Simpson, he has lost income, suffered severe mental anguish, and has incurred attorney's fees due to the necessity of securing legal counsel.

## IV. PLAINTIFF'S FIRST CAUSE OF ACTION
## RACE DISCRIMINATION

18.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 17 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward him violated his right to be free of racial discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), et seq.), and the 1991 Civil Rights Act, and 42 U.S.C. 1981(a).

19.     As a proximate cause of Defendant's afore-described actions in discriminating against Plaintiff, due to his race, Plaintiff was injured and damaged, as set forth in paragraphs 1 through 17 above.  In addition, Plaintiff has suffered considerable mental and emotional anguish.

20.     Plaintiff avers that he has pursued and exhausted his administrative remedies.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Simpson respectfully prays that this Court grant him the following relief:

a) Judgment declaring that the Defendant discriminated against Plaintiff, on the basis of Plaintiff's race;

b) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

c) An award of punitive damages, due to the egregious nature of the race discrimination practiced against Plaintiff so openly tolerated, ratified and acquiesced in by the Defendant;

d) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

e) Such further, other and different relief as the Court may deem appropriate and necessary.

## V. PLAINTIFF'S SECOND CAUSE OF ACTION

## RACE-BASED COLD AND HOSTILE WORKING ENVIRONMENT

21. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward him violated his right to be free of a race-based cold and hostile working environment in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), et seq.), as amended by the 1991 Civil Rights Act.

22. As specifics for the race-based cold and hostile work environment that Plaintiff suffered, Plaintiff cites the facts set forth particularly in the statement of facts above, paragraphs 1 through 20 above.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Simpson respectfully prays that this Court grant the following relief:

a) A judgment declaring that the Plaintiff was subjected to an egregious race-based hostile work environment;

b) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

c) An award of punitive damages due to the egregiousness of Defendant's wrongdoing;

d) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

e) Such further, other and different relief as the Court may deem appropriate and necessary.

Respectfully submitted this 12th day of July, 2017.

Steven Simpson, Plaintiff

Julian McPhillips (ASB-3744-L74J)
Counsel for Plaintiff

Chase Estes (ASB-1089-F44L)
Counsel for Plaintiff

**OF COUNSEL:**
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321      FAX
julianmcphillips@msg-lawfirm.com
cestes@msg-lawfirm.com

## JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

_____
OF COUNSEL